Filed
D.C. Superior Court
07/28/2015 22:45PM
Clerk of the Court

# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES VINCENT MORRIS<br>5937 Monticello Road<br>Alexandria, Virginia, 22303 | :<br><br>: | |
| Plaintiff, | : | |
| v. | : | |
| WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY (a/k/a "WMATA")<br>600 Fifth Street NW<br>Washington, DC 20001 | :<br><br>:<br><br>: | Case No. 2015 CA 005673 B |
| SERVICE UPON:<br>  Carol O'Keefe<br>  General Counsel's Office<br>  WMATA<br>  600 Fifth Street, NW<br>  Washington, DC 20001 | :<br><br>: | |
| Defendant. | : | |

## COMPLAINT

### NATURE OF THE CASE

On January 12, 2015, the Washington Metropolitan Area Transit Authority breached its duty to every person who rides the Metro. On that faithful day, Train 302 headed to Huntington, Virginia, was overwhelmed with smoke. Mr. Morris along with over 100 people were trapped for at least 45 minutes breathing smoking and unable to know when they would be rescued from what seemed to be metal coffin. Mr. Morris attempted to remain calm, even comforting other passengers who were not as calm as he. However, given the amount of time the train was not moving and smoke increasingly invading the stopped train, Mr. Morris came to believe that he would not make it out the train alive and that January 12, 2015, was his last

day alive. Fortunately for him, he survived and now brings this lawsuit against WMATA for Negligence and Intentional Infliction of Emotional Distress.

## JURISDICTION

1. Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Compact, which establishes original jurisdiction in this Court over WMATA matters pursuant to WMARTC Article XVI Sec. 81, codified in the District of Columbia law as D.C. Code Ann. Sec 9-1107.10.

2. Venue in this Court is proper as the negligent acts and/or omissions committed by the Defendant occurred in the District of Columbia and Plaintiffs' injuries occurred in the District of Columbia.

## THE PARTIES

3. At all times relevant, Plaintiff, Charles Vincent Morris ("Mr. Morris") is an adult Citizen and resident of the Commonwealth of Virginia.

4. At all times relevant herein, Defendant, Washington Metropolitan Transit Authority ("WMATA") was the owner of the Metro subway system being operated by its employees who were operating within the scope of their employment and/or agency with WMATA.

5. WMATA was created when Congress approved the Washington Area Transit Authority Compact ("WMATA Compact"), D.C. Code §§ 9-1107.01 *et seq.*, which was signed by the District of Columbia, Maryland and Virginia. By the term of the WMATA Compact, WMATA is liable for negligent acts and/or omissions of its Directors, Officers, Employees, and

Agents committed in the conduct of any proprietary function, D.C. Code § 9-1107.01 (80). The provision of mass transportation is proprietary function within the meaning of the WMATA Compact.

## STATEMENT OF THE CASE

### A. *Events from Above Ground*

6.  On the afternoon of January 12, 2015, Mr. Morris boarded WMATA train number 302, at the L'Enfant Plaza metro station, a six car train traveling on the Yellow Line toward Huntington, Virginia, with over 200 hundred additional passengers. Mr. Morris was seated in first car.

7.  At approximately 3:15 pm, soon after departing L'Enfant Plaza and within several hundred feet of the platform, train 302 encountered heavy dense smoke and comes to a complete stop.

8.  Upon information and Belief, about ten minutes before, a circuit breaker[1] had tripped on the third rail of that section of the track. However, no WMATA employee investigated the incident.

9.  Train 302 became disabled and without power the lights went out. The only Illumination was from the emergency lighting.

10. Being in the first car, smoke quickly began to fill the car. In spite of the heavy smoke, Metro's conductor advised passengers to remain calm, stay on the train, and keep the doors closed, since they would return to the station in a short time. These instructions were repeated throughout the ordeal.

---

[1] The Conductor running alongside the train tracks that supplies high voltage electric power to Metro trains.

11.     In addition, to other passengers a uniformed police officer was also in the first car with her radio on. The information coming from the officer's radio was at times in direct conflict with the instructions from Metro's conductor.

12.     At approximately 3:16 pm, WMATA Operations Control Center attempts to activate ventilations fans to evacuate the smoke from the section of the tunnel. Upon information and belief, the fans failed to activate or directed to ventilation in the wrong direction.

13.     According to the National Safety Board's ("NTSB") Preliminary Report on the on the incident,[2] released January 16, 2015, the smoke in the tunnel was caused by "severe electrical arcing" from the third rail approximately 1,100 feet ahead of where train 302 stopped. Photos taken by NTSB investigators reveal the severity of the fire:



14.     At approximately 3:18 p.m., the District of Columbia Office of Unified Communication ("OUC") receives a 911 call from a construction worker reporting smoke coming from Metro's ventilation shaft located at 9th street and Main Avenue, Southwest, roughly a mile away from train 302's location.

---

[2] NATIONAL TRANSPORTATION SAFETY BOARD, *Preliminary Report: WMATA Smoke and Electrical Arcing Accident in Washington, DC*, Jan. 16, 2015, *see;*
www.ntsb.gov/investigations/AccidentReports/Pages/DCA15FR004_preliminary.aspx

15.	At approximately 3:22 p.m., OUC receives a 911 call from WMATA Supervisor of Metro Rail Unit 22 reporting heavy smoke in the L'Enfant Plaza Station.

16.	At approximately 3:25 p.m., the train traveling just behind Train 302 on the same route arrives at L'Enfant Plaza Station, encounters smoke, and stops roughly 100 feet short of the end of the end of the platform.

17.	At approximately 3:28 p.m., OUC dispatches a "Metro Station Alarm," which, in compliance with District of Columbia Fire and Emergency Medical Services Department ("FEMS") protocol.[3]

18.	At approximately 3:31 p.m., the first FEMS responders arrive on scene at the L'Enfant Plaza Station. Their efforts are hampered by the fact that WMATA has not updated its signal boosting and signal relaying equipment to ensure compatibility with new FEMS standards. Upon information and belief, FEMS notified WMATA of this problem in the L'Enfant Plaza Station at least as early as January 8, 2015.

19.	At approximately 3:33 p.m., OUC receives the first of several 911 Calls from terrified passengers on the smoke filled Train 302.

20.	At approximately 3:44 p.m., WMATA finally confirms to FEMS that electricity to the relevant sections of the third rail has been shut off in order to allow FEMS crews to safely access Train 302.

21.	Not until At approximately 4:10 p.m., was Ms. Morris evacuated from the first car.

---

[3] This includes the following units: (a) 5 Engine Companies; (b) 2 Ladder Trucks; (c) 2 Battalion Fire Chiefs; (d) 1 Battalion Fire Chief to WMATA OCC in Landover, MD; (e) 1 Heavy Rescue Squad (f) 1 Basic Life Support Unit; (g) 1 Advanced Life Support Unit; (h) 1 EMS Supervisor.

### B. Events from inside Train 302 (Mr. Morris' view)

22. Once the first car began to fill with smoke, Mr. Morris and the other passengers in the first car thought it was a joke and that the train would move soon. The announcements from the conductor assured the passengers that everything would be ok.

23. The smoke quickly filled the first car and the jokes ended. The Officer on board, who apparently had just completed her shift, was attempting the console the passengers as breathing became difficult.

24. Mr. Morris and the other passengers were told to go into the second car to escape the smoke. They complied, however, soon the smoke began to fill that car as well. However, they second car was filled with passengers and Mr. Morris and others could not move any further

25. Being a teacher, Mr. Morris began to comfort and ease the tension of the other passengers. He told jokes and stories for several minutes all while trying to not cough or inhale the smoke. This was not successful.

26. With what seemed like an eternity, Mr. Morris began to witness Passengers coughing uncontrollably, passing out, vomiting, panicking, and people convulsing.

27. Help had not to arrive, and Mr. Morris began to make piece with death. He began to write emails to his wife, son, and best friend. Mr. Morris knew service for his phone was unavailable. However, he hit send on his phone in the hope that when his body is moved from the metro the messages would be sent at that time.

28. Now, coughing and barely able to breath, Mr. Morris sat in a chair and

Reflected on life as he thought he was about to die.

29. Soon after, rescue workers arrived and began to evacuate the his car and the passengers. Relieved, Mr. Morris made it above ground for the first time in over 50 minutes in a smoke filled Train.

30. Mr. Morris is unaware of the substances of the smoke in which he and others were forced to breath. He cough heavily and continuously for the next few days as a result.

31. In fact, Mr. Morris must still ride the Metro even after this event. He has to board and exit from the same stations just as he did on that faithful day.

32. In addition, Mr. Morris has stated, "that when you believe you're going to die, and then have to go on and live --- it effects you."

## FIRST CLAIM FOR RELIEF
### (Negligence)

33. Plaintiff re-alleges the allegations in paragraphs 1 – 32 here as if the same is alleged here.

34. At all relevant times herein, WMATA trains, railroad operations, tunnels, tracks, and adjourning railroad tracks (the "subway property") were owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, overseen, patrolled, and supervised by WMATA.

35. Defendant WMATA was responsible for maintaining and ensuring the safe use and proper condition of the railroad operations and property, locomotives, trains, signs, signals, switches, safety device, communication devices, and other equipment at and along

the subway property, and for properly and safely managing, overseeing, and coordinating the travel of railroad trains upon and along said property.

36. Defendant WMATA, like any common carrier, owed a duty of reasonable care to Mr. Morris and all its passengers.

37. Defendant WMATA breached this duty in some or all of the following ways:

    a. By failing to properly inspect and maintain the third rail running through the relevant section of tunnel;

    b. By failing to properly inspect and maintain the ventilation system for the relevant section of tunnel;

    c. By failing to properly train its agents, servants, and/or employees in the proper activation and use of the ventilation system in the event of a fire of smoke emergency;

    d. By failing to calibrate its radio equipment to be compatible with that of FEMS despite having clear notice of its non-compliance;

    e. By failing to equip its trains, specifically Train 302, with safety equipment adequate for emergencies of this nature.

    f. By failing to adequately investigate the third rail circuit breaker that tripped at 3:06 p.m. on January 12, 2015;

    g. By failing to move Train 302 to a safe location (*e.g.*, back to L'Enfant Plaza Station) after it first encountered smoke in the tunnel;

    h. By failing to, in a timely manner, inform FEMS that electricity had been shut off to the third rail in the relevant section of the tunnel;

    i. By failing to, in a timely manner, evacuate Train 302 if and when it was determined that the train could or would not be moved and its cars were filling with smoke; and/or

    j. By otherwise negligently, carelessly, and wrongfully failing to take reasonable precautions to protect its passengers from injury and death.

38. As a direct and proximate result of Defendant WMATA's negligence, Mr. Morris suffered harm which he is unaware of and presently experiencing. The damage inhaling toxic smoke for an extended period of time. The nature of the chemical in the smoke or whether he will suffer harm in years to come as result of inhaling the smoke.

## SECOND CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress (IIED)

39. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 38 as if the same is alleged here.

40. Defendant WMATA is responsible for the safety of thousands of daily Metro riders. By failing to ensure the safe use and proper condition of the railroad operations and property, locomotives, trains, signs, signals, switches, safety device, communication devices, and other equipment at and along the subway property, and for properly and safely managing, overseeing, and coordinating the travel of railroad trains upon and along said property.

41. As a direct and proximate result of Defendant WMATA's extreme

and reckless conduct in failing to maintain the tracks, communication devices and subway property did cause

42. Defendant WMATA's failures during this accident was conduct was extreme and outrageous.

43. As a result of Defendant's conduct Plaintiff suffered severe emotional distress which manifested by loss of sleep, fear, nervousness and other anxiety related symptoms.

**WHEREFORE**, Plaintiff, Vincent Morris, requests a compensatory judgment against the Defendant WMATA in an amount of three million dollars (3,000,0000.00) plus costs of suit, and such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demand a trial by jury with respect to each claim in this Complaint.

July 27, 2015                                          Respectfully Submitted,

By: /s/ Raymond R. Jones

Raymond R. Jones
DC Bar Number 497654
And
By: /s/Mark A. Cotton
DC Bar Number 466798
910 17th Street, NW
Suite 800
Washington, DC 20006
(office) 202-509-9788 ext. 101
(fax) 202-644-8834
(email) rayjones@attorneyrayjones.com



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

<u>Charles Vincent Morris</u>
Plaintiff

vs.

Case Number  <u>2015 CA 005673 B</u>

<u>Washington Metropolitan Area Transit Authority</u>
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

<u>Raymond R. Jones</u>
Name of Plaintiff's Attorney

<u>910 17th Street, NW Suite 800</u>
Address
<u>Washington DC 20006</u>

<u>202-509-9788 ext. 101</u>
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date <u>07/28/2015</u>

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                        Demandante
              contra
                                                        Número de Caso: _____
_____
                                        Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

Por: _____
                Subsecretario
Dirección

Fecha _____

Teléfono
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

Charles Vincent Morris         Case Number: 2015 CA 005673 B

vs                                          Date: _____

Washington Metropolitan Area Transit Authority

☐ One of the defendants is being sued in their official capacity.

| Name: (Please Print) Raymond Jones | Relationship to Lawsuit |
|---|---|
| Firm Name: Law Office of Raymond R. Jones | [X] Attorney for Plaintiff |
| Telephone No.: 202-509-9788 x101   Six digit Unified Bar No.: 497654 | ☐ Self (Pro Se)  ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☐ 6 Person Jury    [X] 12 Person Jury
Demand: $ 3,000,000.00          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: Unknown    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar#: _____

---

**NATURE OF SUIT:** *(Check One Box Only)*

**A. CONTRACTS**                                      **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 07 Personal Property           ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty          ☐ 09 Real Property-Real Estate   ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 12 Specific Performance        ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees      ☐ 13 Employment Discrimination   ☐ 18 OVER $25,000 Consent Denied
☐ 10 Mortgage Foreclosure/Judicial Sale

**B. PROPERTY TORTS**

☐ 01 Automobile             ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion             ☐ 04 Property Damage                    ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process           ☐ 09 Harassment                 [X] 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection    ☐ 10 Invasion of Privacy         
☐ 03 Assault and Battery        ☐ 11 Libel and Slander           ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference     ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 13 Malicious Prosecution       ☐ 20 Friendly Suit
☐ 06 False Accusation           ☐ 14 Malpractice Legal           ☐ 21 Asbestos
☐ 07 False Arrest               ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                      [X] 16 Negligence- (Not Automobile, Not Malpractice) ☐ 23 Tobacco
                                                                  ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Oct 14

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation Over $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower
- ☐ 34 Insurance/Subrogation Over $25,000 Consent Denied

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

---

/s/Raymond Jones                                    7/27/2015

Attorney's Signature                                    Date



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CHARLES VINCENT MORRIS
Vs.                                          C.A. No.      2015 CA 005673 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge STUART G NASH
Date:  July 28, 2015
Initial Conference: 9:30 am, Friday, October 30, 2015
Location:  Courtroom 200
            500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc